UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**CHRISTOPHER M. RODLAND,**          :
                                      :
      **Petitioner**          :     **CIVIL NO. 1:CV-04-0264**
                                      :
   **v.**                             :     **(Judge Rambo)**
                                      :
**ROBERT SHANNON, et al.,**           :
                                      :
      **Respondents**         :

## M E M O R A N D U M

### I.    Introduction

Petitioner, Christopher M. Rodland, an inmate at the State Correctional Institution at Houtzdale, Pennsylvania, commenced this action *pro se* by filing a petition for writ of habeas corpus pursuant to the provisions of 28 U.S.C. § 2254. (Doc. 1.)  In accordance with *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000) (requiring district courts to provide notice to *pro se* habeas petitioners of the implications of 28 U.S.C. § 2244(b) before ruling on their petitions), an order (Doc. 4) was issued advising Petitioner that: (1) he could have the document ruled on as filed, that is, as a § 2254 petition for writ of habeas corpus and heard as such, but lose his ability to file a second or successive petition absent certification by the court of appeals, or (2) withdraw his petition and file one, all-inclusive, § 2254 petition within the one-year statute of limitations period prescribed by 28 U.S.C. § 2244(d).

Petitioner responded by submitting a Notice of Election (Doc. 5) in which he opted to have his petition considered as filed.  The parties have briefed the issues, and the matter is ripe for disposition.  For the reasons that follow, the petition will be denied.

## II.   Background

Based upon a review of the pleadings, the following facts are undisputed. While serving a probationary sentence, Petitioner was arrested and prosecuted for several arson and related offenses.  (Doc. 6 at 1; Doc. 12 at 5.)  Petitioner was convicted for the arson and related offenses and sentenced to a term of twenty-five (25) years and four (4) months to seventy-six (76) years ("arson sentence"), followed by a two (2) to four (4) year sentence for the violation of probation that he was serving when he was arrested for the arson charges ("probation sentence").  (Doc. 1 at 4; Doc. 6 at 1.)  Petitioner is currently serving the arson sentence.

Petitioner avers that the arson sentence was enhanced by an allegedly improper 1996 conviction, which has expired.  (Doc. 6 at 1.)  Although Petitioner listed the arson conviction as the basis of his petition (Doc. 1 at 1), he makes it clear in his supporting brief that his true intent is to challenge the validity of the expired 1996

conviction, not to challenge the arson sentence (Doc. 6 at 1).[1]  The court concludes that it does not have jurisdiction to consider Petitioner's claim, because he is no longer in custody under the challenged conviction.

## III. Discussion

Under 28 U.S.C. § 2254(a), an applicant seeking habeas relief must be "in custody" pursuant to the conviction under attack.  28 U.S.C. § 2254(a); *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989); *Obada v. State of New Jersey*, 328 F.3d 716, 717 (3d Cir. 2003).  Courts have liberally construed the jurisdictional requirement that a habeas petitioner be in custody, and it is not necessary that the petitioner be physically confined to file a habeas petition challenging his sentence.  *Maleng*, 490 U.S. at 491-92.  However, "once the sentence imposed for a conviction has completely expired, [even] the collateral consequences of that conviction are not themselves sufficient" to satisfy the "in custody" requirement of § 2254(a).  *Id.* at 492.

In *Maleng*, the petitioner claimed that an expired 1958 conviction was used illegally to enhance his sentence for 1976 state convictions that he had yet to serve.  *Id.* at 490.  The petitioner was in custody for purposes of the sentence he had not yet

---

[1]Although Respondents argue that Petitioner has failed to exhaust his administrative remedies, they appear to be under the erroneous impression that Petitioner is challenging the arson sentence.

3

begun to serve, *id.* at 493, but the Court held that he was not in custody under the conviction that had fully expired, even though that "prior conviction [could] be used to enhance the sentences imposed for any subsequent crimes of which [petitioner was] convicted," *id.* at 492.

Here, as in *Maleng*, Petitioner is seeking to challenge an expired sentence for which he is no longer in custody, and which had expired before he filed the instant petition. Thus, the court is without jurisdiction to consider the petition under the provisions of 28 U.S.C. § 2254(a). *Id.* at 492. Therefore, the petition will be dismissed. An appropriate order will issue.

## IV.   **Conclusion**

Since the sentence that is the basis of Petitioner's challenge has fully expired and Petitioner was not in custody under that sentence at the time he filed the instant petition, the court is without jurisdiction to grant relief, and the petition will be dismissed. An appropriate order will issue.

                                   s/Sylvia H. Rambo
                                   Sylvia H. Rambo
                                   United States District Judge

Dated: April 24, 2007.

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHRISTOPHER M. RODLAND,** | : | |
| | : | |
| Petitioner | : | **CIVIL NO. 1:CV-04-0264** |
| | : | |
| v. | : | **(Judge Rambo)** |
| | : | |
| **ROBERT SHANNON, et al.,** | : | |
| | : | |
| Respondents | : | |

# **O R D E R**

**AND NOW,** in accordance with the foregoing memorandum, **IT IS HEREBY ORDERED THAT:**

1) The petition for writ of habeas corpus (Doc. 1) is **DISMISSED** for lack of jurisdiction;

2) The Clerk of Court is directed to **CLOSE** this case;

3) There exists no basis for the issuance of a Certificate of Appealability.

                                      s/Sylvia H. Rambo
                                      Sylvia H. Rambo
                                      United States District Judge

Dated: April 24, 2007.